[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14675
Non-Argument Calendar

_____

D. C. Docket No. 05-00082-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY LETORD HALES,
a.k.a. Mustafa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 1, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Timothy Letord Hales appeals his sentence of 360 months

imprisonment for conspiracy to possess with intent to distribute 5 grams or more of cocaine base, and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 846, and 851.

On appeal, Hales argues that his sentence was unreasonable, and the district court's statement, that it did not feel that a "departure" from the guideline range was appropriate, implied that the court treated the Sentencing Guidelines as creating a presumptive sentence. This court reviews sentences for reasonableness. *United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006). This court has held that, "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." *Id.* at 1237. (internal quotation and citations omitted). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range, as well as (6) the kinds of sentences available; (7) the need to avoid sentencing disparities among similar defendants who have been found guilty, and (8) the need to provide restitution to victims of the offense.

*Id.* at 1236 (internal quotations and citations omitted). However, we also have held that the district court need not state on the record that it explicitly has considered each factor and need not discuss each factor. *United States v. Talley*, 431 F.3d

2

784, 786 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* Furthermore, although a sentence within the Sentencing Guidelines range will not be considered *per se* reasonable, the Guidelines remain central to the sentencing process. *Id.* at 787. Therefore, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788.

Because the district court imposed a low-end sentence after considering the Sentencing Guidelines as advisory only, as well as considering Hales's personal characteristics and his need for rehabilitative treatment, we conclude that the court did not impose an unreasonable sentence.

Next, Hales argues that his designation as a career offender, based on two prior felony drug convictions, violated his Sixth Amendment and due process rights to have all facts relevant to sentencing be alleged and proven beyond a reasonable doubt before a jury. In *United States v. Gibson*, 434 F.3d 1234, 1246 (11th Cir.), *cert denied*, 126 S. Ct. 2911 (2006), we held that the Fifth and Sixth Amendments do not require that a defendant's prior convictions be alleged in the indictment or proven to a jury before they are used to designate the defendant as a career offender. We noted that we are bound by *Almendarez-Torres v. United*

*States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), which held that the indictment need not charge a sentence-enhancing factor if that factor was not an element of the charged offense. *Gibson*, 434 F.3d at 1244-47.

Because our precedent does not require that prior convictions used to enhance a sentence be alleged in the indictment or proven to a jury, we hold that the district court did not err by designating Hales a career offender based on his two prior drug convictions.  Accordingly, we affirm Hales's sentence.

**AFFIRMED.**

BARKETT, Circuit Judge, dissenting:

I dissent because I believe that Timothy Letord Hales' sentence of 360 months—30 years—imprisonment for conspiracy to possess with intent to distribute 5 grams or more of cocaine base, and possession with intent to distribute 5 grams or more of cocaine base was unreasonable on this record.

The record indicates that Hales was convicted of selling less than one ounce of cocaine base. His sentencing enhancement to 30 years imprisonment is based on two Florida felony convictions. The first offense dates back to April 1995, when Hales was arrested, and a baggie containing 28 pieces of cocaine base fell from his pants. He was sentenced to 15 months—a little over one year—imprisonment. The second offense dates to May 1996, when Hales was pulled over by a highway patrol trooper, who found 41 pieces of cocaine base. Hales was again sentenced to a little over one year of imprisonment. These two offenses occurred approximately ten years prior to the instant offense, and, as in this offense, involved relatively small amounts of drugs. A 30 year sentence for these three offenses is unreasonable.

Moreover, the mitigating evidence here likewise supports a lesser sentence. Hales suffered a traumatic childhood, resulting in part from a fire at his home that killed his father and brother and left him severely burned. Hales has also suffered

problems with drug and alcohol abuse and was hospitalized once after he attempted suicide. Further, Hales was employed at the time of the instant offense and his employer indicated that he was a good employee and would be considered for rehire. As the district court noted, Hales is "somebody who certainly . . . has the potential to succeed."[1]

The Supreme Court ruled in United States v. Booker that we must review sentencing decisions for unreasonableness. 543 U.S. 220, 264 (2005). Our review for unreasonableness requires us to evaluate the sentence imposed in light of each defendant's individual circumstances, rather than simply rubber-stamping as "reasonable" any sentence that falls within the guidelines range. Under 18 U.S.C. § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary" to serve the purposes set forth in the statute, including the nature and

---

[1] However, this conclusion is nowhere reflected in the 30 year sentence imposed upon Hales. The district court did not give any reasons for its imposition of a thirty year term of imprisonment. The court merely stated that it "impos[ed] the selected sentence . . . [because] [t]he Court finds the sentence at the low end would not appear to undermine the statutory purposes of sentencing." I believe that more is required to justify a sentence—any sentence—though particularly one when, as here, the defendant was sentenced to a lengthy term of imprisonment, for a relatively minor crime, with a relatively minor criminal history and compelling personal characteristics which explain, in part, his conduct. I worry that, in light of current circuit precedent, a district court may be able to justify any length of imprisonment merely by evoking the magic words —that the judge has considered the applicable guidelines, the factors set forth in Section 3553(a), and the arguments of the defendant—that entitle the district court to great deference and often preclude any meaningful review.

circumstances of the offense[2] and the history and characteristics of the defendant, among other things. A <u>30 year</u> term of imprisonment for Hales does not meet the requirements of Section 3553(a), and is clearly unreasonable.

---

[2] This is especially so when one considers that if he had been convicted of commercial bribery, with a criminal history category of 6 (for his two prior drug convictions), his sentence under the guidelines would have been six to twelve months—or half-a-year to a year. U.S. Sentencing Guidelines Manual §§ 2B4.1, 4A1.1, 5A. If he had bribed an elected public official, a crime that reaches into the very heart of our government, his guideline sentencing range would be a mere 33-41 months—a maximum of approximately three-and-a-half years. U.S. Sentencing Guidelines Manual §§ 2C1.1, 4A1.1, 5A.